IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FRANKIE WHETSTON,

    Petitioner,

v.                                             CASE NO. 1:06-cv-112-MP-AK

JAMES MCDONOUGH,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 1, petition for writ of habeas corpus, by Frankie Whetstone. Respondent has filed a response, Docs. 12 & 13, and the time for filing a reply has expired. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the petition be denied.

**BACKGROUND**

Petitioner was charged with multiple felonies stemming from two robbery attempts. He filed several motions to suppress, all of which were denied. Subsequently, Petitioner pled guilty to one count of armed robbery but reserved the right to appeal the denial of the suppression motions. He was sentenced to twenty-five years imprisonment.

Petitioner appealed, raising one issue: "The trial court erred by denying [Petitioner's] motion to suppress evidence and statements because the police lacked a reasonable suspicion that [he] had been involved in criminal activity at the time he was arrested." Doc. 13, Ex. F. The court of appeal affirmed without written opinion. *Whetstone v. State*, 877 So.2d 727 (Fla.

Dist. Ct. App. 2004).

Petitioner then filed a motion for post-conviction relief. In that motion, he raised three issues: (1) that counsel was ineffective for failing to have Petitioner's competency to stand trial or to plead guilty evaluated, (2) that counsel was ineffective for failing to advise or in mistakenly advising Petitioner that he "could not be charged with two or three single counts of the information of robbery with a firearm," and (3) that the court erred by inadequately inquiring into the factual basis for the plea "where [Petitioner] raised possible defense to all charges at plea hearing." Doc. 13, Ex. J. Citing *Strickland*, the court found that Petitioner had failed to allege prejudice as to his claims of ineffectiveness. *Id*. As to his claim that the court failed to inquire into the factual basis for the plea, the court found it refuted by the record, and as to his claim that there was not a factual basis for the plea, the court found the claim conclusory and lacking in specificity. *Id*.

Petitioner appealed, and the court of appeal affirmed without written opinion. *Whetstone v. State*, 926 So.2d 1278 (Fla. Dist. Ct. App. 2006).

The instant petition followed. On this occasion, Petitioner raises four issues: (1) that the court erred in denying Petitioner's motion to suppress, as the police lacked a reasonable suspicion that he was involved in criminal activity to temporarily detain him, (2) that Petitioner was denied due process of law, as the appropriate test for determining reasonable suspicion is the totality of the circumstances, (3) that counsel was ineffective because Petitioner was incompetent to stand trial or plead to the charges "because he had been going through mental stress," and (4) that counsel was ineffective for failing to advise the State and the court that the 25-year sentence "should have been a lesser sentencing, because the investigation did prove that the petitioner

wasn't the one who committed the robbery charges." Doc. 1.

## DISCUSSION

Under 28 U.S.C. § 2254, a federal court may grant habeas corpus relief only if the state court adjudication

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "A state-court decision will certainly be contrary to...clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405.  A state-court decision will also be contrary to clearly established Supreme Court precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." *Id*. at 406.

Under the "unreasonable application" clause of § 2254(d), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*.

at 413. The federal court considering a habeas petition "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 412.

Settled circuit court precedent interpreting Supreme Court decisions is not determinative of clearly established federal law. Instead, this Court must look to the specific holdings of Supreme Court cases themselves. If the Supreme Court has not issued a specific holding on the issue at hand, then the state court's decision is not contrary to or an unreasonable application of clearly established federal law. *Carey v. Musladin*, ____ U.S. ____, 127 S.Ct. 649, 654, 166 L.Ed. 2d 482 (2006).

Further, in reviewing the decision of the state court, this Court must presume that the state court's factual determinations are correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001).

The fact that the appellate court does not write "an opinion that explains the state court's rationale," does not detract from the deference owed to that court's decision. *Wright v. Secretary for the Department of Corrections*, 278 F.3d 1245,1255 (11th Cir. 2002). Under § 2254, the Court is to focus on the result of the state proceeding, not the reasoning underlying it, since all that is required for a state-court adjudication on the merits is a rejection of a claim on the merits, not an explanation. *Id*. at 1254-55.

Furthermore, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of

the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). This limitation on federal habeas review applies equally when a petition which truly involves only state law issues is couched in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508; *see also Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3rd Cir. 1997) (errors of state law cannot be repackaged as federal errors simply by citing the United States Constitution).

Section 2254 relief will not be granted unless Petitioner "has exhausted the remedies available in the courts of the State" or "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A) and (B). A claim is not exhausted if Petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To fully exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In addition, "the federal claim must be fairly presented to the state courts," and it must be "the same claim." *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*).

Claims which have not been fairly presented to the state court but are defaulted from state court review are considered technically exhausted because no remedies are available for purposes of § 2254(c). *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). *See also White v. State*, 664 So.2d 242, 244 (Fla. 1995) (claims that could have or should have been raised on post-conviction and were not so raised are procedurally defaulted). However,

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.  A respondent's failure to raise exhaustion does not constitute a waiver, since "[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3);  *McNair v. Campbell*, 416 F.3d 1291, 1304 (11th Cir. 2005); *Dill v. Holt,* 371 F.3d 1301, 1302 n.1 (11th Cir. 2004).

Because several of Petitioner's claims raise the issue of counsel's effectiveness, a review of  *Strickland v. Washington*, 466 U.S. 668 (1984), is appropriate.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686.  The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong.  *Id*. at 697.  The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice.  *Id.; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient.  *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987).  The court must

consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance. *Strickland*, 466 U.S. at 689-90. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). This standard is objective, and "it matters not whether the challenged actions of counsel were the product of a deliberate strategy or mere oversight." *Gordon v. United States*, 496 F.3d 1270, 1281 (11th Cir. 2007). "The relevant question is not what actually motivated counsel, but what reasonable could have motivated counsel." *Id*. When the court "can conceive of a reasonable motivation for counsel's actions," it can deny the claim of ineffectiveness without evidentiary hearing. *Id*. "An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption...that [counsel] did what he should have done and that he exercised reasonable professional judgment." *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001).

"The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the layer's mental

processes underlying the strategy." *Chandler*, 218 F.3d at 1315 n.16. "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*. Quite importantly,

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on. The lawyer's strategy was course A. And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*. Additionally, prejudice is established only with a showing that the result of the proceeding was fundamentally unfair or unreliable. *Lockhart v. Hill*, 506 U.S. 364, 370 (1993).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail...are few and far between." *Chandler*, 218 F.3d at 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether a reasonable lawyer could have acted in the circumstances as defense counsel acted. *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th

Cir. 2000), *cert. denied*, 534 U.S. 903 (2001).

      1.      Denial of motion to suppress (Grounds One and Two).

Petitioner's first two claims relate to the denial of his motion to suppress. Though Petitioner uses the term "due process" in his second claim, he is really complaining that the court applied the wrong standard when evaluating the motion to suppress related to the investigatory stop, and thus, both claims are properly analyzed under the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (when Fourth Amendment provides "explicit textual source of constitutional protection" for harm alleged, it provides basis for relief, not substantive due process).

Neither claim is properly before this Court for consideration, however, as "federal courts are precluded from conducting post-conviction review of Fourth Amendment claims where state courts have provided 'an opportunity for full and fair litigation' of those claims." *Bradley v. Nagle*, 212 F.3d 559, 564 (11th Cir. 2000) (quoting *Stone v. Powell*, 428 U.S. 465, 494 (1976)). A petitioner has been afforded "full and fair" consideration of his Fourth Amendment claims if the state court has conducted at least one evidentiary hearing and it affords appellate review of the claim. *Id.* at 565.

In this case, counsel for Petitioner specifically challenged the constitutionality of Petitioner's arrest, the court conducted a hearing on the issue, and counsel then appealed whether the court erred in denying the motion to suppress. Petitioner was therefore afforded a full and fair opportunity to litigate the Fourth Amendment issue, and the claim should be denied here.

      2.      Failure of counsel to challenge Petitioner's competency.

This claim was rejected by the state court for failure to allege prejudice. Here, Petitioner merely claims that he was incompetent to plead "because he had been going through mental stress." He has not further elaborated on this claim, and thus, it lacks the level of specificity necessary for further consideration. The Court notes, however, that although Petitioner was clearly stressed about the prospects of going to trial and being convicted and sentenced to a life sentence and that he and counsel were having some difficulties, there is nothing in the plea colloquy to suggest that counsel had any basis for filing a motion for competency evaluation. Petitioner plainly believed he was being "railroaded" and that he was going to be punished for something he did not do, he never indicated that he did not understand the proceedings or that he suffered from any mental defect or impairment beyond "stress," which is hardly sufficient to establish a lack of competency.

This claim should be denied.

3.   Failure of counsel to argue for lesser sentence based on Petitioner's innocence.

This claim of ineffectiveness was never presented to the state court, and thus, it is unexhausted, and Petitioner has shown no reason to excuse the failure to exhaust. Be that as it may, the claim is without merit. Counsel negotiated a plea of twenty-five years down from the life sentence which Petitioner otherwise faced if he had been found guilty at trial. The court was fully advised by the State that of the four men involved in the robberies, Petitioner was the "least involved," that he immediately confessed, and that he was otherwise cooperative. Doc. 13, Ex. C. The court did in fact take those

representations into consideration in sentencing Petitioner to the negotiated term, finding the State's representation to provide a "sufficient basis to accept the negotiation, understanding that this negotiation would result in a sentence lesser than what he would probably receive if he were convicted at trial." Thus, although defense counsel did not bring these matters to the court's attention, the court was otherwise apprised of Petitioner's actions, and thus, he was not prejudiced by counsel's failure.

## CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  2nd  day of April, 2008.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**